# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

GWEN D. MICKERSON,

     Plaintiff,

     v.

AMERICAN BROKERS CONDUIT,
EMC MORTGAGE CORPORATION,
STRUCTURED ASSET MORTGAGE
INVESTMENTS II, INC.
CITIBANK, N.A., *as Trustee for Securitized
Trust Structured Asset Mortgage Investments II
Trust 2007-AR7 Trust,*
WELLS FARGO BANK, N.A.,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM and
DOES 1 THROUGH 100 INCLUSIVE,

     Defendants.

Civil Action No. TDC-17-1106

## MEMORANDUM ORDER

On March 3, 2017, self-represented Plaintiff Gwen D. Mickerson filed the above-captioned lawsuit in the Circuit Court for Prince George's County, Maryland, along with an Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief (the "Application"). Defendants Structured Asset Mortgage Investments II, Inc. ("SAMI"), Citibank, N.A., as Trustee for Securitized Trust Structured Asset Mortgage Investments II Trust 2007-AR7 Trust ("Citibank"), Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS") removed the case to this Court on April 21, 2017. At the time of removal, the Circuit Court had not yet ruled on the Application, and it is now pending before this Court. For the reasons set forth below, the Application is DENIED.

## BACKGROUND

Mickerson, a resident of Maryland, is the owner of real property located in Upper Marlboro, Maryland (the "Property"). On July 13, 2007, Mickerson secured a $560,000 mortgage loan for the property by signing a Promissory Note in favor of American Brokers Conduit (the "Mortgage"). In 2009, two Notices of Default were filed in in Prince George's County. In 2013, the Mortgage was assigned to Citibank, N.A. as trustee for the Structured Access Mortgage Investments II Trust 2007-AR7 (the "Trust"). In October 2016, two Notices of Sale were filed with Prince George's County, reflecting Defendants' intent to foreclose on the property.

The Complaint alleges generally that the Defendants engaged in a series of fraudulent transactions related to the mortgage loan. According to Mickerson, because the Mortgage was securitized, no interest in the Property was ever transferred, so Defendants cannot prove that they possess any valid interest in the Property. The Complaint alleges lack of standing to foreclose, wrongful foreclosure, fraud in the concealment, fraud in the inducement, unconscionable contract, breach of contract, breach of fiduciary duty, and slander of title. Mickerson seeks to quiet title on the property, enjoin Defendants from foreclosing, obtain a declaratory judgment that Defendants lack any interest in the Property that would permit them to foreclose, and recover wrongfully collected fees. She seeks damages between $100,000 and $2,000,000.

## DISCUSSION

The Application asserts that Defendants have initiated foreclosure proceedings and that Mickerson's home will be sold. According to Mickerson, the terms of the mortgage loan were unclear, inconsistent, and in violation of law. She claims that the loan was underwritten without proper due diligence, and that American Brokers Conduit sold her "a loan product that it knew or

should have known would never be able to be fully paid back." Appl. at 4, ECF No. 4. She further claims that "because of the securitization process, Defendants and their predecessors in interest failed to properly assign Plaintiff's Note and Deed of Trust." *Id.* at 6. She seeks a temporary restraining order and injunction preventing Defendants from selling the Property. Although the Application has been pending since March 3, 2017, and although Defendants were served on March 22, 2017, Defendants have not filed a memorandum of law in opposition to the Application.

To the extent Mickerson is asking the Court to halt pending foreclosure proceedings in state court, the Court lacks the power to provide the relief that Mickerson seeks. Under the Anti-Injunction Act ("AIA"), this Court may not grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (2012); *see also Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015); *Williams v. Cohn*, No. PX-16-2886, 2016 WL 4415058, at *2 (D. Md. Aug. 19, 2016). Consequently, the Court cannot stay or enjoin foreclosure proceedings involving the Property. Likewise, the AIA bars a declaratory judgment that has the same effect as an injunction. *See Tucker*, 83 F. Supp. 3d at 641.

Even if the AIA did not bar the Court from enjoining foreclosure of the Property, Mickerson has failed to establish grounds for a temporary restraining order or preliminary injunction. Temporary restraining orders and preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991)). A

party seeking a temporary restraining order or a preliminary injunction must show (1) a likelihood of success on the merits; (2) the moving party will suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in the moving party's favor; and (4) preliminary injunctive relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In this case, Mickerson has not demonstrated that she will succeed on the merits of her claim that Defendants lack an enforceable interest in her home such that a preliminary injunction on the sale of her home following foreclosure proceedings would be warranted. Mickerson's claim centers on the argument that because of the securitization of her loan, Defendants cannot demonstrate an interest in the Property. However, "[i]t is well established, in this Court and others, that 'as a matter of law, securitization alone does not render a note or deed of trust unenforceable and does not alter a borrower's obligation to pay back his or her loan.'" *Danso v. Ocwen Loan Servicing, LLC*, No. PX-16-1396, 2016 WL 4437653, at *3 (D. Md. Aug. 23, 2016) (quoting *Howes v. Wells Fargo Bank, N.A.*, No. CV ELH-14-2814, 2015 WL 5836924, at *26 (D. Md. Sept. 30, 2015)). Thus, even if Mickerson is correct that the loan was securitized, that does not lead to the conclusion that she is likely to be able to show that the Defendants lack any interest in the Property. Likewise, the claim that Defendants knew or should have known she could not afford the Mortgage is not a basis to enjoin a foreclosure sale of the Property.

## CONCLUSION

For the foregoing reasons, the Application for a Temporary Restraining Order, Preliminary Injunction, and Injunction, ECF No. 4, is DENIED.

Date: May 3, 2017

THEODORE D. CHUANG
United States District Judge